IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-00494-WYD-MJW

KATHY BOUARD,

      Plaintiff,

v.

RAMTRON INTERNATIONAL CORPORATION,

      Defendant.

_____

## ORDER
_____

THIS MATTER is before the Court on defendant, Ramtron International Corporation's, Motion For Reconsideration [ECF No. 36].  For the reasons stated below, the motion is DENIED.

## BACKGROUND

On February 27, 2012, plaintiff, Kathy Bouard, filed this suit against defendant, Ramtron International Corporation, alleging that Ramtron discriminated and retaliated against her in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

On December 27, 2012, Ramtron filed a Motion For Summary Judgment [ECF No. 21] arguing that it is entitled to judgment as a matter of law on Bouard's Title VII and ADA claims.  On September 27, 2013, I issued an Order [ECF No. 35] denying Ramtron's Motion For Summary Judgment [ECF No. 21].  On October 21, 2013,

Ramtron filed a Motion For Reconsideration [ECF No. 35] arguing that I erred in denying the Motion For Summary Judgment [ECF No. 21] as it relates to Bouard's ADA claim.

## ANALYSIS

### A.  Legal Standard for a Motion for Reconsideration

The FEDERAL RULES of CIVIL PROCEDURE do not recognize motions for reconsideration. *Smilde v. Mortgage Temps, Inc.*, 22 Fed. Appx. 957, 958 n.1 (10th Cir. 2001); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  This Court's treatment of a motion for reconsideration depends on whether the challenged order is a final order or an interlocutory order.  My September 27, 2013, Order [ECF No. 35] is an interlocutory order because it did not dispose of all claims and all parties. *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).  Therefore, it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.*

In order to prevail on a motion to reconsider, a party must show that there is:  (1) an intervening change in the controlling law; (2) new evidence that was previously unavailable; or, (3) a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   Motions to reconsider are "not to be used as a 'second chance when a party has failed to present its strongest case in the first instance.'" *Parker v. Ritter*, 2010 U.S. Dist. LEXIS 24991, *10 (D. Colo. 2010) (citation omitted).  "Motions to reconsider are rarely appropriate." *Lerner v. Sartori*, 1999 U.S. Dist. LEXIS 16054, *1 (D. Ariz. 1999).  My decision to grant or deny a motion for reconsideration is committed to my sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

**1. Bouard's ADA Claims**

**a. Discrimination**

In my September 27, 2013, Order [ECF No. 35], I denied Ramtron's Motion For

Summary Judgment [ECF No. 21] as it related to Bouard's ADA discrimination claim

and stated:

> I find that genuine issues of material fact exist as to whether
> Bouard's sensitivity qualifies as a disability under one of
> three definitions of disability under the ADA.  Bouard's
> physician certified that she requires accommodation due to
> her sensitivity. ECF No. 27-17.  Bouard requested
> accommodations *i.e.*, an air purifier and a revised grooming
> policy which limited employee use of strong odors and
> fragrances in order for her to be able to concentrate on the
> job.  Ramtron agreed.  Yet, Bouard testified in her deposition
> that her sensitivity would not impede her ability to work and it
> would only affect her conditions at work. ECF No. 21-1, p.
> 13.  Given these facts and taking into account Congress's
> pronouncements in the ADAAA, I find that Ramtron is not
> entitled to judgment as a matter of law on Bouard's ADA
> discrimination claim because genuine issues of material fact
> exist as to whether Bouard's sensitivity qualifies as a
> disability under the ADA.

*Bouard v. Ramtron Int'l Corp.*, 2013 U.S. Dist. LEXIS 140649, *26-27 (D. Colo. Sept. 27,

2013).  Ramtron argues that I erroneously applied controlling law and new law supports

reconsideration of my ruling.  Specifically, Ramtron argues that I should have made a

ruling on whether Bouard is disabled.

**i.  "Disabled" Under the ADA**

In her Complaint [ECF No. 1], Bouard alleges that she "is a qualified individual

with a disability or alternatively has a record of a disability or is regarded as having a

disability." ECF No. 1, p. 11, ¶ 68.  In opposing Ramtron's Motion For Summary

Judgment [ECF No. 21], Bouard only argues that she qualifies as disabled under the

first definition *i.e.*, that she has a physical or mental impairment that substantially limits one or more major life activities.  Pursuant to that definition of disabled, the United States Court of Appeals for the Tenth Circuit stated that the definition has three elements. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1129 (10th Cir. 2003). "First, the plaintiff must have a recognized impairment; second, the plaintiff must identify one or more appropriate major life activities; and third, the plaintiff must show that the impairment substantially limits one of more of those activities."  In *Bristol v. Bd. of County Comm'rs of Clear Creek*, 281 F.3d 1148, 1157 (10th Cir. 2002), *vacated in part on other grounds,* 312 F.3d 1213 (10th Cir. 2002) (en banc), the Tenth Circuit addressed the question of "who decides, the court or the jury, each of these three [elements]."  In *Bristol*, the Tenth Circuit stated that the court decides the first two elements. 281 F.3d at 1157 (internal quotation marks and citations omitted) ("The exercise of ascertaining whether a plaintiff's alleged impairment satisfies the statutory and regulatory definitions under the ADA is decidedly a legal one . . . Similarly, whether the identified endeavor constitutes a major life activity [is a] determination[] of law for the court to decide").  Regarding the third element, the Tenth Circuit stated that "[i]n contrast to steps one and two, step three – tying the two statutory phrases together [by] asking whether the impairment *substantially limited* the [identified] major life activity, is a factual question for the jury." *Id.* (internal citation omitted).

Pursuant to the Tenth Circuit's mandates in *Bristol* and *Doebele*, I must determine whether Bouard has a recognized impairment and whether she has identified one or more appropriate major life activities that such impairment affects.

**(a) Elements 1 & 2**

Bouard "must articulate with precision the impairment alleged and the major life activity affected by that impairment . . . " *Doebele*, 342 F.3d at 1129 (internal quotation marks and citation omitted).  Bouard's impairment is "chronic rhinitis and chronic or recurrent acute sinusitis" which is "triggered by scented substances." ECF No. 21-17, p. 2.  In her deposition and Employee Disability Accommodation Request [ECF No. 21-15], Bouard identifies three major life activities that her impairment affects:  (1) breathing; (2) concentrating; (3) communicating. ECF No. 26-9, p. 3 [p. 24, ll. 12-25 / p. 25, ll. 1-15] & ECF No. 21-15, p. 4.  Pursuant to this evidence, I find that Bouard satisfies the first two elements.

**(b) Element 3**

Whether a plaintiff's impairment "substantially limits" one or more of Bouard's major life activities is a question of fact for the jury. *Doebele*, 342 F.3d at 1129; *Bristol*, 281 F.3d at 1159.  To clarify my September 27, 2013, Order [ECF No. 35], genuine issues of material fact exist as to whether Bouard's chronic rhinitis and sinusitis, which is triggered by scented fragrances, substantially limits one or more of the following major life activities:  (1) breathing; (2) concentrating; and/or, (3) communicating.

Because qualifying as disabled is a prerequisite to bringing an ADA discrimination claim, and because genuine issues of material fact exist as to whether Bouard is "disabled" for ADA purposes, Ramtron is not entitled to summary judgment on Bouard's ADA discrimination claim.

Ramtron argues that new law supports its argument that I should have made a finding on whether Bouard qualifies as disabled under the ADA.  In order for such law, if

it indeed exists, to warrant reconsideration of a prior ruling, it must be an "intervening change in the controlling law." *Servants of Paraclete*, 204 F.3d at 1012.

Ramtron relies on my opinion in *Lee v. Spectranetics Corp.*, 2013 U.S. Dist. LEXIS 139232 (D. Colo. Sept. 27, 2013). In *Lee*, the plaintiff had shoulder surgery to repair a labral tear and was terminated after missing several days of work post-surgery. I found that the plaintiff was not disabled under the ADA because he had not established "that his shoulder condition substantially limits any major life activity." 2013 U.S. Dist. LEXIS 139232 at *9. I further noted that "[a] temporary condition post-surgery 'does not qualify as a disability.'" *Id.* at 12 (quoting *Rhodes v. Langston Univ.*, 462 Fed. Appx. 773, 779 (10th Cir. 2011).

There is nothing in *Lee* that constitutes an intervening change in controlling law. Further, the underlying facts in *Lee* are different from the facts in the case at bar. Thus, *Lee* does not provide a ground to reconsider my September 27, 2013, Order [ECF No. 35] as it relates to Bouard's ADA discrimination claim.

### b. Retaliation

In my September 27, 2013, Order [ECF No. 35], I denied Ramtron's Motion For Summary Judgment [ECF No. 21] as it related to Bouard's ADA retaliation claim and stated, "[b]ecause genuine issues of material fact exist as to whether Bouard's sensitivity qualifies as a disability under the ADA, Ramtron is not entitled to judgment as a matter of law on Bouard's ADA retaliation claim as well and I need not analyze this claim." 2013 U.S. Dist. LEXIS 140649 at *27. Ramtron argues that I erred in not further analyzing Bouard's retaliation claim. The purpose of what follows is to clarify why I denied Ramtron's Motion For Summary Judgment [ECF No. 21] as it relates to Bouard's

ADA retaliation claim.

In *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249 (10th Cir. 2001), the Tenth

Circuit addressed, *inter alia*, an ADA retaliation claim in which the district court

concluded that because the plaintiff was not disabled under the ADA, she could not

pursue her ADA retaliation claim.  In analyzing the plaintiff's ADA retaliation claim, the

Tenth Circuit stated:

> Here, the district court concluded that, because Ms. Selenke
> was not disabled under the ADA, she could not pursue a
> retaliation claim.  However, in order to prosecute an ADA
> retaliation claim, a plaintiff need not show that she suffers
> from an actual disability.  Instead, a reasonable, good faith
> belief that the statute has been violated suffices.

248 F.3d at 1264 (citations omitted).  The Tenth Circuit cited to *Krouse v. Am. Sterilizer*

*Co.*, 126 F.3d 494 (3d Cir. 1997), in support of its statement regarding the plaintiff's

ADA retaliation claim.  In *Krouse*, the United States Court of Appeals for the Third

Circuit addressed, as did the Tenth Circuit in *Selenke*, an ADA retaliation claim in which

the district court dismissed because the plaintiff was not disabled.  In analyzing the

plaintiff's ADA retaliation claim, the Third Circuit stated:

> The district court erred in this regard.  Unlike a plaintiff in an
> ADA *discrimination* case, a plaintiff in an ADA
> *retaliation* case need not establish that he is a "qualified
> individual with a disability."  By its own terms, the ADA
> retaliation provision protects "any individual" who has
> opposed any act or practice made unlawful by the ADA or
> who has made a charge under the ADA. 42 U.S.C. §
> 12203(a).  This differs from the scope of the ADA disability
> discrimination provision, 42 U.S.C. § 12112(a), which may
> be invoked only by a "qualified individual with a disability."
> An individual who is adjudged not to be a "qualified individual
> with a disability" may still pursue a retaliation claim under the
> ADA. *Cf. Soileau*, 105 F.3d at 16 (plaintiff may assert ADA
> retaliation claim "even if the underlying claim of disability
> fails").  Thus, Krouse was permitted to pursue his retaliation

claims under the ADA.

126 F.3d at 502.[1]  Under *Selenke* and *Krouse*, when analyzing an ADA retaliation claim, whether or not the plaintiff is disabled is immaterial.  Thus, despite the fact that genuine issues of material fact exist regarding whether Bouard is disabled, analysis of her ADA retaliation claim is warranted.  *Weil v. Carecore Nat'l, LLC*, 833 F. Supp. 2d 1289, 1295 (10th Cir. 2011) (citing *Selenke*, 248 F.3d at 1264) ("A plaintiff may pursue an ADA retaliation claim without showing that she suffers from an actual disability").

In order to prevail on an ADA retaliation claim, a plaintiff must establish that:  (1) she engaged in protected activity; (2) "she was subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity;" and, (3) there is a causal connection between the protected activity and the adverse action. *Selenke*, 248 F.3d at 1264 (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999)).  Bouard's ADA retaliation claim is analyzed under the burden shifting framework announced by the Supreme Court of the United States in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Anderson*, 181 F.3d at 1178; *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997).  Under this evidentiary framework, the plaintiff must first establish a *prima facie* case of retaliation.  *Id.*  If the plaintiff does so, the burden then shifts to the defendant "to give a legitimate, nondiscriminatory reason for its employment decision." *Sanders v. Southwestern Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008) (citation omitted).[2]  "If the employer comes forward with a

---

[1] *Krouse* predates the ADAAA.  The ADAAA substituted "on the basis of disability" for "with a disability because of the disability of such individual" in 42 U.S.C. § 12112(a).  This specific amendment does not alter the holding in *Krouse* regarding an ADA retaliation claim.

[2] Though this statement in *Sanders* is made in the context of analyzing claims under Title VII and the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634, this statement and the following statements regarding the *McDonnell Douglas* analytical framework and applicable law also applies to ADA claims.

nondiscriminatory reason for its actions, the burden then reverts to the plaintiff to show there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e., unworthy of belief." *Id.* (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997)).  "A plaintiff who demonstrates pretext gets over the hurdle of summary judgment." *Id.* (internal quotation marks and citation omitted).

### i.  Bouard's *Prima Facie* Case

### (a) Protected Activity

A request for accommodation can constitute protected activity under the ADA, if the plaintiff reasonably believed she was entitled to an accommodation. *Jones v. U.P.S. Inc.*, 502 F.3d 1176, 1194 (10th Cir. 2007).  Due to her chronic rhinitis and sinusitis, which is triggered by scented fragrances, Bouard requested that Ramtron provide her with an air purifier and instruct employees to refrain from using grooming products with strong fragrances and odors.  Ramtron provided Bouard with an air purifier and adopted a dress code policy that addressed her sensitivity to scented fragrances.  On December 21, 2010, Bouard's counsel sent a letter [ECF No. 21-37] to Ramtron's Chief Executive Officer ("CEO"), William W. Staunton.  In the letter, Bouard's counsel requested that Ramtron place Bouard back into an office, which she had recently been removed from, in order for the air purifier to be most effective. ECF No. 21-37, p. 7, ¶ 2.  Such requests for accommodations are protected activity and there is no evidence that Bouard did not reasonably believe that she was entitled to such accommodations. *See Selenke*, 248 F.3d at 1265 (citing 42 U.S.C. § 12111(9)) (stating that "modification of the work environment constitutes one kind of reasonable accommodation authorized by the

ADA").  Further, Bouard "opposed [an] act or practice made unlawful by this Act" when her counsel stated in the letter that Ramtron "has not complied with its obligations to accommodate Ms. Bouard's known disability and that it has allowed her to be subjected to a hostile work environment" in violation of the ADA. 42 U.S.C. § 12203(a); ECF No. 21-37, p. 2.[3]  Thus, Bouard satisfies this element.

### (b) Adverse Employment Action

"Adverse employment action includes significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (internal quotation marks and citation omitted).[4]  Bouard alleges four adverse employment actions in her Complaint [ECF No. 1]:  (1) reassignment of duties; (2) taking away her office; (3) taking away reasonable accommodations; and, (4) her termination. ECF No. 1, p. 13, ¶ 1.  There is no dispute that Bouard's termination is an adverse employment action.  Thus, she satisfies this element.

### (c) Causal Connection

In order to establish a causal connection between the protected activity and the adverse employment action, a plaintiff may present "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by

---

[3] On December 21, 2013, the parties stipulated to dismissal of Bouard's ADA hostile work environment claim and that claim is dismissed with prejudice. *See* ECF Nos. 22 & 24.  However, that does not preclude the Court from considering the statement in the letter as protected activity under Bouard's ADA retaliation claim.

[4] Though *Piercy* analyzed what constitutes an adverse employment action in the context of a Title VII retaliation claim, the Tenth Circuit's statement regarding what constitutes an adverse employment action is equally applicable to an ADA retaliation claim.

adverse action." *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239-40 (10th Cir. 2004)

(internal quotations and citation omitted).  "Unless there is very close temporal proximity

between the protected activity and the retaliatory conduct, the plaintiff must offer

additional evidence to establish causation." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d

1248, 1253 (10th Cir. 2001) (citing *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395

(10th Cir. 1997)).

Bouard's counsel sent a letter to Ramtron's CEO, Staunton, on December 21,

2010, requesting that Ramtron place Bouard back into an office, which she had recently

been removed from, in order for the air purifier to be most effective. ECF No. 21-37, p.

7, ¶ 2.  Ramtron terminated Bouard on January 15, 2011.  Thus, Ramtron fired Bouard

within 25 days of receiving the letter.  The temporal proximity between these two acts is

sufficient to establish a causal connection between Bouard's protected opposition and

Ramtron's adverse employment action. *See O'Neal*, 237 F.3d at 1253 (quoting

*Anderson*, 181 F.3d at 1179) ("We have held that a one and one-half month period

between protected activity and adverse action may, by itself, establish causation").

Ramtron argues that under *Univ. of Tex. Southwestern Med. Ctr. V. Nassar*, 133

S. Ct. 2517, 2533 (2013), a heightened causation standard applies.  In *Nassar*,

the Supreme Court of the United States stated that Title VII retaliation claims "must be

proved according to traditional principles of but-for causation . . . [t]his requires proof

that the unlawful retaliation would not have occurred in the absence of the alleged

wrongful action or actions of the employer." 133 S. Ct. at 2533.  Ramtron argues that

Bouard has failed to establish that her protected activity was the but-for cause of any

adverse employment action.  I am unaware of, and the parties do not cite to any district

court in the Tenth Circuit that has expressly stated that the heightened causation

standard in a Title VII retaliation case applies to an ADA retaliation claim.   In *Melin v.*

*Verizon Bus., Inc.*, 2014 U.S. Dist. LEXIS 32217 (D. Kan. Mar. 12, 2014), the district

court did not apply the heightened standard to a ADA retaliation claim.  In *Melin*, the

court stated "[s]ince plaintiff could not establish causation *under the more minimal*

*standard required under the ADA*, it stands to reason that he cannot maintain causation

under the heightened standard required under Title VII." 2014 U.S. Dist. LEXIS 32217 at

*38 (emphasis added).  As such, I decline to apply the heightened causation standard in

a Title VII retaliation case to Bouard's ADA retaliation claim.

Because Bouard has presented sufficient evidence to establish a *prima facie*

case of retaliation under the ADA, the burden now shifts to Ramtron to present a

legitimate non-discriminatory reason for its adverse employment action.

### ii.  Legitimate Non-Discriminatory Reason For Employment Action & Pretext

Analysis under both of these sections is identical to the analysis in sections

(B)(2)(b) and (B)(2)(c) of my September 27, 2013, Order [ECF No. 35, pp. 12-15]

regarding Bouard's Title VII retaliation claim.  Thus, I incorporate that part of my

September 27, 2013, Order [ECF No. 35] for the purpose of analysis under this section

and Ramtron's Motion For Summary Judgment [ECF No. 21] is DENIED as it relates to

Bouard's ADA retaliation claim.

### CONCLUSION

After careful consideration of the matters before this Court, I find that no

circumstances exist that warrant reconsideration of my September 27, 2013, Order

[ECF No. 35].  As such, it is

ORDERED that Ramtron International Corporation's Motion For Reconsideration [ECF No. 36] is **DENIED**.

Dated:  April 9, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge