IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00494-WYD-MJW

KATHY BOUARD,

    Plaintiff,

v.

RAMTRON INTERNATIONAL CORPORATION,

    Defendant.

---

FINAL JUDGMENT

---

THIS MATTER came before the Court and a jury of ten duly sworn to try the matter on August 8, 2014 the Honorable Wiley Y. Daniel, Senior United States District Judge, presiding.  On August 13, 2014, the jury returned its verdict as follows:

**Verdict Form**

**I.   TITLE VII DISCRIMINATION BASED ON SEX**

    1.   Has Plaintiff proven by a preponderance of the evidence that she was discriminated against based on her sex/gender?

    Answer:   No

**If your answer to Question 1 is "yes", answer Question 2.  If your answer is "no", skip the remaining questions in this section as you have found for the Defendant on this claim and proceed to Section II.**

    2.   Has Defendant proven by a preponderance of the evidence that it would have reached the same decision regardless of the Plaintiff's sex?

    Yes _____   No _____

**If your answer to Question 1 is "yes" and your answer to Question 2 is "no", you have found for the Plaintiff on the discrimination claim based on sex. Proceed to Question 3. If your answer to Question 2 is "yes", you have found for the Defendant. Skip Question 3 and proceed to Section II.**

    3.    Do you find that Plaintiff should be awarded compensatory damages for emotional distress or mental anguish she experienced as a result of Defendant's discrimination based on sex?

    Yes _____   No _____

    If your answer to Question 3 is "yes", in what amount?  $ _____

## II.   ADA FAILURE TO ACCOMMODATE

    1.    Has Plaintiff proven by a preponderance of the evidence that she had a disability at the time of the employment actions in question?

    Answer:   Yes

**If your answer to Question 1 is "yes", proceed to Question 2. If your answer to Question 1 is "no", skip the remaining questions in this section as you have found for the Defendant on this claim, and proceed to Section III.**

    2.    Has Plaintiff proven by a preponderance of the evidence that she is a qualified individual with a disability?

    Answer:   Yes

**If your answer to Question 2 is "yes", proceed to Question 3. If your answer to Question 2 is "no", skip the remaining questions in this section as you have found for the Defendant on this claim, and proceed to Section III.**

    3.    Has Plaintiff proven by a preponderance of the evidence that Defendant failed to reasonably accommodate her disability?

    Answer:   No

**If your answer to Question 3 is "yes", proceed to Question 4.  If your answer to Question 3 is "no", skip the remaining questions in this section as you have found for the Defendant on this claim and proceed to Section III.**

      4.      Has Defendant proven by a preponderance of the evidence that providing a reasonable accommodation would impose an undue hardship on the operation of the Defendant's business?

      Yes \_\_\_\_\_     No \_\_\_\_\_

**If your answer to Question 3 is "yes" and your answer to Question 4 is "no", you have found for the Plaintiff on the ADA failure to accommodate claim.  Answer Question 5.  If your answer to Question 4 is "yes", you have found for the Defendant.  Skip the remaining questions in this section and proceed to Section III.**

      5.      Has Defendant proven by a preponderance of the evidence that it made a good faith effort to provide reasonable accommodations for the Plaintiff's disability?

      Yes \_\_\_\_\_     No \_\_\_\_\_

**If your answer to Question 5 is "yes", you may not award compensatory damages or punitive damages to Plaintiff in connection with her failure to accommodate claim, and should proceed to Section III.  If your answer to Question 5 is "no", answer Question 6.**

      6.     Do you find that Plaintiff should be awarded compensatory damages for emotional distress or mental anguish she experienced as a result of Defendant's failure to accommodate her disability?

      Yes \_\_\_\_\_    No \_\_\_\_\_

      If your answer to Question 6 is "yes", in what amount?  $ _____

### III.    RETALIATION

#### A.    Title VII

      1.     Has Plaintiff proven by a preponderance of the evidence that she was retaliated against because she complained about sex-based pay discrimination?

      Answer:    No

**If your answer to Question 1 is "yes", you have found for Plaintiff on her Title VII retaliation claim and should answer Question 2.  If your answer to Question 1 is "no, you should skip Question 2 as you have found for the Defendant on the Title VII retaliation claim and should proceed to Section B.**

      2.     Do you find that Plaintiff should be awarded compensatory damages for emotional distress or mental anguish she experienced as a result of Defendant's retaliation based on Plaintiff's sex?

      Yes \_\_\_\_\_    No \_\_\_\_\_

      If your answer to Question 2 is "yes", in what amount?  $ _____

#### B.    ADA

      1.     Has Plaintiff proven by a preponderance of the evidence that she was retaliated against under the ADA because she requested a reasonable accommodation to her disability?

      Answer:    No

**IV.     SAME DECISION**

     1.     Do you find that Defendant has proven by a preponderance of the evidence that it would have made the same decision to terminate the Plaintiff's employment because she took confidential personnel documents?

     Answer:     No

**V.     PUNITIVE DAMAGES**

     1.     If you have found for Plaintiff on any of her claims, has Plaintiff proven by a preponderance of the evidence that Defendant acted with malice or reckless indifference to Plaintiff's rights so as to entitle her to an award of punitive damages in addition to other damages?  (**You may not award punitive damages to the Plaintiff for retaliation under the ADA.  Punitive damages also may not be awarded on the ADA failure to accommodate claim if you answered "yes" to Question 3 in Section III—finding that Defendant made a good faith effort to provide reasonable accommodations for the Plaintiff's disability**).

     Answer:     No

If your answer to Question 1 is "yes", in what amount?  $ _____

**PLEASE SIGN AND DATE THE VERDICT FORM ON THE NEXT PAGE**

IT IS THEREFORE

ORDERED that judgment is hereby entered in favor of defendant, Ramtron International Corporation, and against plaintiff, Kathy Bouard, on Plaintiff's claims of Title VII - Gender Discrimination, Americans with Disabilities Act - Disability Discrimination, Title VII - Retaliation, and Americans with Disabilities Act - Retaliation.  It is further

ORDERED that Plaintiff's complaint and action are dismissed with prejudice.  It is further

ORDERED that Defendant shall have by the filing of a Bill of Costs with the Clerk of this Court within fourteen (14) days of entry of judgment, and pursuant to the procedures set forth in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED at Denver, Colorado this <u>19th</u> day of August, 2014.

                FOR THE COURT:

                JEFFREY P. COLWELL, CLERK


                <u>s/ Robert R. Keech</u>
                Robert R. Keech,
                Deputy Clerk

APPROVED AS TO FORM:


<u>/s/ Wiley Y. Daniel</u>
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE